# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE SHIVERY,<br>                    *Plaintiff*, | Case No. 4:22-CV-00873 |
| v. | (Chief Judge Matthew W. Brann) |
| PENNSYLVANIA STATE<br>UNIVERSITY,<br>                    *Defendant.* | Jury Trial Demanded |

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES

## I.   INTRODUCTION[1]

Defendant, the Pennsylvania State University ("University" or "Defendant"), by and through its undersigned counsel, hereby files the within Answer to the Complaint filed by Plaintiff, Denise Shivery ("Shivery" or "Plaintiff"). The numbered paragraphs of this Answer correspond to the like-numbered paragraphs of the Complaint, and unless specifically admitted herein, each factual allegation in the Complaint is hereby denied.

---

[1]   For clarity and ease of reference, the University incorporates verbatim the subheadings utilized by Plaintiff in the Complaint. The University's incorporation of such subheadings shall not be deemed admissions by the University, nor the adoption of any facts, allegations, or arguments contained in, or implied by, the subheadings set forth in the Complaint.

## II.   **PARTIES**

1.      Admitted in part; denied in part.  It is admitted only that Plaintiff is an adult individual.  All remaining allegations are denied.  By way of further response, Defendant is without information or belief as to Plaintiff's current residence and the allegations in relation to the same are, therefore, denied.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

6.      Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

7.      Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

## III.   **JURISDICTION AND VENUE**

8.      Admitted in part; denied in part.  The Complaint is a writing that speaks for itself and Defendant denies Plaintiff's characterization of the contents of the

same.  By way of further responses, the averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, it is only admitted that Plaintiff's Complaint purports to establish violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951–963 ("PHRA").

9.     Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

10.    Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

11.    Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

12.    Admitted in part; denied in part.  It is admitted only that Plaintiff dual-filed a Charge with the Pennsylvania Human Relations Commission ("PHRC") and the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Charge is a writing that speaks for itself and Defendant denies Plaintiff's characterization of the contents of the same.  By way of further answer, the

averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

13.    Admitted in part; denied in part.  It is admitted only that Plaintiff received a right-to-sue letter as a result of her attorney's request for the same.  The letter is a writing that speaks for itself and Defendant denies Plaintiff's characterization of the contents of the same.

14.    Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

**IV.    FACTUAL ALLEGATIONS**

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced discussion or the referenced conduct attributed to Kenya Mann Faulkner (hereinafter, "Faulkner") in

Paragraph 21.  By way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff that was premised upon any discriminatory or retaliatory motive.

22.    Admitted in part; denied in part.  Defendant admits that Plaintiff received a mid-year review in January 2019.  Defendant denies Plaintiff's subjective conclusion that the review was "positive."

23.    Admitted in part; denied in part.  Defendant admits that Faulkner submitted documents to the University's Human Resources Department in relation to Plaintiff's position in January 2019.  Such documents are writings that speak for themselves and Defendant denies Plaintiff's characterizations with respect to the same.

24.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced discussion and, accordingly, denies those averments.

25.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced discussion and, accordingly, denies those averments.

26.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced discussion and, accordingly, denies those averments.

27.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced discussion and, accordingly, denies those averments.

28.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced discussion and, accordingly, denies those averments.

29.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's observations and, accordingly, denies those averments.  By way of further answer, Defendant denies the conduct attributed to Faulkner in Paragraph 29.

30.    Defendant denies that Faulkner "routinely made comments that were discriminatory based on sex."  By way of further answer, Plaintiff's allegations constitute legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

31.    Defendant denies the comments attributed to Faulkner in Paragraph 31.

32.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff may have heard and, accordingly, denies those averments.  By way of further answer, Defendant denies the conduct attributed to Faulkner in Paragraph 32.

33.     Defendant denies the factual averments of Paragraph 33 on the basis that such allegations are unduly vague and, accordingly, Defendant is unable to formulate an appropriate response to the same.  Specifically, Plaintiff fails to identify the employees, direct reports or job duties involved.  By way of further answer, Defendant denies that Faulkner took any action on the basis of an employee's sex or premised upon any discriminatory or retaliatory motive.

34.     Defendant denies the factual averments of Paragraph 34 on the basis that such allegations are unduly vague and, accordingly, Defendant is unable to formulate an appropriate response to the same.  Specifically, Plaintiff fails to identify the employees or job duties involved.  By way of further answer, Defendant denies that Faulkner took any action on the basis of an employee's sex or premised upon any discriminatory or retaliatory motive.

35.     Defendant denies the factual averments of Paragraph 35 on the basis that such allegations are unduly vague and, accordingly, Defendant is unable to formulate an appropriate response to the same.  Specifically, Plaintiff fails to identify the employees involved.  By way of further answer, Defendant denies that Faulkner took any action on the basis of an employee's sex or premised upon any other discriminatory or retaliatory motive.

36.     Defendant denies the comments attributed to Faulkner in Paragraph 36.

37.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and, accordingly, denies those averments.  To the extent that any further response is deemed required, the factual averments and any legal conclusions contained in this paragraph are denied.

38.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and, accordingly, denies those averments.  To the extent that any further response is deemed required, the factual averments and any legal conclusions contained in this paragraph are denied.

39.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and, accordingly, denies those averments.  To the extent that any further response is deemed required, the factual averments and any legal conclusions contained in this paragraph are denied.

40.     Admitted in part; denied in part.  Defendant admits only that the alleged conversation occurred and that Plaintiff advised Clint Eury ("Eury") of her subjective concerns in relation to Faulkner.  By way of further response, after reasonable investigation, Defendant is without knowledge or information sufficient

to form a belief as to the referenced discussion and, accordingly, denies those averments.

41.     Admitted in part; denied in part.  Defendant admits only that the alleged conversation occurred and that Plaintiff advised Eury of her subjective concerns in relation to Faulkner.  Defendant denies Plaintiff's subjective characterization that Eury "assured Plaintiff that she would be protected by Defendant's anti-retaliation policy."  By way of further response, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced discussion and, accordingly, denies those averments.

42.     The referenced email from David Gray ("Gray") is a writing that speaks for itself.  Defendant denies Plaintiff's characterizations with respect to the same.

43.     Defendant admits only that the referenced contact and meeting occurred with the identified participants.

44.     Defendant admits only that the referenced meeting occurred and that Plaintiff advised the identified participants of her subjective concerns in relation to Faulkner.

45.     Defendant admits only that the referenced meeting occurred and that Plaintiff advised the identified participants of her subjective concerns in relation to Faulkner.   After reasonable investigation, Defendant is without knowledge or

information sufficient to form a belief as to the referenced discussion and, accordingly, denies those averments.

46.     Defendant denies the factual averments of Paragraph 46 on the basis that such allegations are unduly vague and, accordingly, Defendant is unable to formulate an appropriate response to the same.  Specifically, Plaintiff fails to identify the individual who allegedly communicated the information referenced in Paragraph 46 to her.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the referenced communication and, accordingly, denies the same.

47.     Admitted.

48.     Defendant denies the conduct attributed to Faulkner in Paragraph 48. By way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff that was premised upon any discriminatory or retaliatory motive.

49.     Defendant denies the conduct attributed to Faulkner in Paragraph 49. By way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff that was premised upon any discriminatory or retaliatory motive.

50.     Defendant denies the conduct attributed to Faulkner in Paragraph 50. By way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff that was premised upon any discriminatory or retaliatory motive.

51.     Admitted in part; denied in part.  Defendant admits only that Plaintiff was not promoted and not appointed as referenced in this paragraph.  Defendant denies that Plaintiff was promised the referenced promotion and appointment by Faulkner.  By way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff premised upon any discriminatory or retaliatory motive.

52.     Admitted in part; denied in part.  Defendant admits only that Plaintiff was not invited to join the Ethics and Compliance Council or to accompany Faulkner on outreach visits as referenced in this paragraph.  Defendant denies that Plaintiff was promised such opportunities by Faulkner or that such responsibilities fell within the scope of her position.  By way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff premised upon any discriminatory or retaliatory motive.

53.     The referenced email is a writing which speaks for itself and Defendant denies Plaintiff's characterizations with respect to the same.

54.     The referenced email is a writing which speaks for itself and Defendant denies Plaintiff's characterizations with respect to the same.

55.     The referenced email is a writing which speaks for itself and Defendant denies Plaintiff's characterizations with respect to the same.

56.     The referenced email is a writing which speaks for itself and Defendant denies Plaintiff's characterizations with respect to the same.

57.     Admitted in part; denied in part.   Defendant admits only that the referenced meeting occurred and that Plaintiff repeated her allegations against Faulkner during such encounter.  Defendant denies that the limited excerpts provided by Plaintiff in this paragraph fairly reflect the totality of the discussion between the participants.

58.     Admitted in part; denied in part.   Defendant admits only that the referenced meeting occurred and that Plaintiff repeated her allegations against Faulkner during such encounter.  Defendant denies that the limited excerpts provided by Plaintiff in this paragraph fairly reflect the totality of the discussion between the participants.

59.     Admitted in part; denied in part.   Defendant admits only that the referenced meeting occurred.  Defendant denies that the limited excerpts provided by Plaintiff in this paragraph reflect the totality of the discussion led by Gray.

60.     Admitted.

61.     Denied.   By way of further answer, Defendant denies that the referenced change in reporting structure represented a demotion.

62.     Admitted in part; denied in part.   Defendant admits only that the referenced discussion took place.  Defendant denies that the limited excerpts of the conversation provided by Plaintiff in this paragraph are accurate or fairly reflect the totality of the discussion between the participants.

63.     Defendant denies that Plaintiff had "no performance or disciplinary issues" before registering her complaints against Faulkner.  By way of further answer, Defendant denies any suggestion that the complaints registered by Plaintiff played any role in the decision not to continue Plaintiff's employment.

64.     Admitted in part; denied in part.  Defendant admits only that Plaintiff applied for the positions referenced in this paragraph.  Defendant denies any suggestion that Plaintiff was "qualified" or the most "qualified" candidate for any such opening.  By way of further answer, Plaintiff was hired as a Marketing Communications Specialist 4 in the University's Office of Strategic Communications.

65.     Admitted in part; denied in part.  Defendant admits only that Plaintiff was not hired for the positions referenced in Paragraph 64.  Defendant denies any suggestion that Plaintiff was "qualified" or the most "qualified" candidate for any such opening.  By way of further answer, Plaintiff was hired as a Marketing Communications Specialist 4 in the University's Office of Strategic Communications.

66.     Admitted in part; denied in part.  Defendant admits only that the referenced meeting occurred and that Plaintiff raised subjective concerns in relation to Faulkner with Sandy Weaver ("Weaver").  Defendant denies the characterization

of the issues raised as Plaintiff "being retaliated against for making sex discrimination complaints."

67.    Admitted in part; denied in part.  Defendant admits only that the referenced discussion took place.  Defendant denies that the limited excerpts of the conversation provided by Plaintiff in this paragraph are accurate or fairly reflect the totality of the discussion between the participants.

68.    Admitted in part; denied in part.  Defendant admits only that the referenced discussion took place.  Defendant denies that the limited excerpts of the conversation provided by Plaintiff in this paragraph are accurate or fairly reflect the totality of the discussion between the participants.

69.    Denied.  By way of further answer, Plaintiff was employed pursuant to a fixed-term, renewable contract.  There was always a risk that her contract would not be renewed if Defendant's needs changed.  By way of further answer, Defendant denies any suggestion that the complaints raised by Plaintiff played any role in the decision not to continue Plaintiff's employment.

70.    Admitted in part; denied in part.  Defendant admits only that the referenced discussion took place and that Plaintiff reiterated her allegation that Faulkner continued to "pick on her" during such discussion.  Defendant denies that the limited excerpts of the conversation provided by Plaintiff in this paragraph are accurate or fairly reflect the totality of the discussion between the participants.  By

way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff premised upon any discriminatory or retaliatory motive.

71.     Defendant denies the factual averments of Paragraph 71 on the basis that such allegations are unduly vague and, accordingly, Defendant is unable to formulate an appropriate response to the same.  Specifically, Plaintiff fails to identify the employees who were "transferred and/or terminat[ed] and/or pushed out."  To the extent that any further response is deemed required, Defendant denies the averments of this paragraph.

72.     Defendant denies the factual averments of Paragraph 72 on the basis that such allegations are unduly vague and, accordingly, Defendant is unable to formulate an appropriate response to the same.  Specifically, Defendant fails to identify the "behavior" at issue.  By way of further answer, Defendant denies that Faulkner took any action in relation to Plaintiff premised upon any discriminatory or retaliatory motive.

73.     Admitted in part; denied in part.  Defendant admits only that the referenced discussion took place and that Plaintiff was notified that her employment would not be continued beyond June 30, 2020.  Defendant denies that the limited excerpts of the conversation provided by Plaintiff in this paragraph are accurate or fairly reflect the totality of the discussion between the participants.

74.     Admitted in part; denied in part.   Defendant admits only that the referenced discussion took place and that Plaintiff was notified that her employment would not be continued beyond June 30, 2020.  Defendant denies that the limited excerpts of the conversation provided by Plaintiff in this paragraph are accurate or fairly reflect the totality of the discussion between the participants.

75.     Admitted in part; denied in part.   Defendant admits only that the referenced discussion took place and that Plaintiff was notified that her employment would not be continued beyond June 30, 2020.  Defendant denies that the limited excerpts of the conversation provided by Plaintiff in this paragraph are accurate or fairly reflect the totality of the discussion between the participants.

76.     Denied.   Plaintiff's averment of "pretext for retaliation" is a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.  By way of further answer, Plaintiff was employed pursuant to a fixed-term, renewable contract.  There was always a risk that her contract would not be renewed if Defendant's needs changed.  Answering further, Defendant denies any suggestion that the complaints raised by Plaintiff played any role in the decision not to continue Plaintiff's employment.  Defendant denies that Faulkner took any action in relation to Plaintiff premised upon any discriminatory or retaliatory motive.

77.     Admitted in part; denied in part.   Defendant admits only that the referenced discussion took place.  Defendant denies that the limited excerpts of the conversations provided by Plaintiff in this paragraph fairly reflect the totality of the discussion between the participants.

78.     Admitted in part; denied in part.   Defendant admits only that the referenced discussion took place.  Defendant denies that the limited excerpts of the conversations provided by Plaintiff in this paragraph fairly reflect the totality of the discussion between the participants.

79.     Admitted in part; denied in part.  Defendant admits only that Plaintiff applied for the positions referenced in this paragraph.   Defendant denies any suggestion that Plaintiff was "qualified" or the most "qualified" candidate for any such opening.   By way of further answer, Plaintiff was hired as a Marketing Communications  Specialist  4  in  the  University's  Office  of  Strategic Communications.

80.     Admitted in part; denied in part.  Defendant admits only that Plaintiff was not hired for the positions referenced in Paragraph 79.  Defendant denies any suggestion that Plaintiff was "qualified" or the most "qualified" candidate for any such opening.   By way of further answer, Plaintiff was hired as a Marketing Communications  Specialist  4  in  the  University's  Office  of  Strategic Communications.

81.     Denied.  Plaintiff was hired as a Marketing Communications Specialist 4 in the University's Office of Strategic Communications.  By way of further answer, Plaintiff remains eligible to apply for any openings with Defendant for which she is qualified.

82.     Admitted.

83.     The referenced posting is embodied in a writing that speaks for itself. Defendant denies Plaintiff's characterizations with respect to the same.

84.     Defendant denies the factual averments of Paragraph 84 on the basis that such allegations are unduly vague and, accordingly, Defendant is unable to formulate an appropriate response to the same.  Specifically, Plaintiff fails to identify the parties involved or medium of the alleged communication.  To the extent that any further response is deemed required, Defendant denies the averments of this paragraph.

85.     Defendant denies the characterization that Plaintiff was not "interviewed" in conjunction with her allegations.  Plaintiff had discussions with various individuals in relation to her allegations of discrimination both prior to and subsequent to her separation of employment.  During these discussions, the substance of Plaintiff's allegations were adequately conveyed.

86.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff may have been "told" or

with whom she may have been in communication and, accordingly, denies the averments of this paragraph on that basis. By way of further answer, Defendant denies any suggestion that Plaintiff was retaliated against in any matter because of her complaints of sex discrimination.

87.    Denied. The averments of this paragraph are legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the averments of this paragraph are denied. By way of further answer, Defendant denies any suggestion that Plaintiff was retaliated against in any matter because of her complaints of sex discrimination.

88.    Denied. The averments of this paragraph are legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the averments of this paragraph are denied. By way of further answer, Defendant denies any suggestion that Plaintiff was retaliated against in any matter because of her complaints of sex discrimination.

89.    Denied. The averments of this paragraph are legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the averments of this paragraph are denied. By way of further answer, Defendant denies any suggestion of retaliatory conduct in relation to Plaintiff. Defendant further denies any bias against employees who engage in protected activity.

90.     Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

91.     Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

92.     Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

93.     Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.  By way of further answer, Defendant denies that Plaintiff is entitled to punitive damages.

94.     Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

## COUNT I – TITLE VII

95.     Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

96.    Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

97.    Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

98.    Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

99.    Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.  Defendant further denies that Plaintiff is entitled to the relief requested.

100.   Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.  Defendant further denies that Plaintiff is entitled to the relief requested.

## COUNT II – PHRA

101.   Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

102.   Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

103.   Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

104.   Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.  Defendant further denies that Plaintiff is entitled to the relief requested.

105.   Denied.  The averments of this paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this paragraph are denied.

## **RELIEF**

The various requests for relief in the WHEREFORE clause following Paragraph 105 of the Complaint, including subparagraphs a) through j), contain conclusions of law with respect to Defendant's purported liability to, and relief requested by, Plaintiff.  On that basis, Defendant denies each and every item of relief requested, and respectfully requests judgment in its favor and against Plaintiff,

together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained all necessary discovery from Plaintiff or others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing, without regard to whether the defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), without conceding that any such defenses must be set forth in its Answer, and without assuming the burden of proof on matters and issues other than those on which Defendant has the burden of proof as a matter of law, Defendant states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted against Defendant.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because the decisions made in regard to her employment were legitimate, non-discriminatory, non-retaliatory and non-pretextual.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that the legitimate business reasons offered by Defendant are pretext for discrimination or retaliation.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that her sex or participation in a protected activity were considered in any manner by Defendant in any employment decision involving Plaintiff.

## FIFTH DEFENSE

Plaintiff cannot state a *prima facie* case of retaliation under Title VII against Defendant.

## SIXTH DEFENSE

Plaintiff cannot state a *prima facie* case of retaliation under the PHRA against Defendant.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has a policy against discrimination on the basis of sex and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action and prohibits any retaliatory conduct.  This policy was clearly and adequately communicated to Plaintiff.  Defendant exercised reasonable care to

prevent any alleged unlawful discriminatory or retaliatory behavior.  To the extent that Plaintiff failed to exercise reasonable care in avoiding the alleged harm under Defendant's policies and procedures by utilizing or otherwise availing herself of this policy and procedure, her claims of alleged discrimination and retaliation on the basis of sex are barred.

## EIGHTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

## NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel and/or unclean hands.

## TENTH DEFENSE

Plaintiff is not entitled to the punitive or other damages requested in the Complaint.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages, if any, and to the extent Plaintiff has earned or will earn amounts from subsequent employment, Defendant is entitled to a credit against any alleged damages.

### TWELTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because there is no causal connection between Plaintiff's complaints of discrimination on the basis of sex and the termination of her employment.

### THIRTEENTH DEFENSE

Any damages sustained by Plaintiff were due to her own acts or omissions, not the acts or omissions of Defendant.

### RESERVATION OF RIGHTS

Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

Respectfully submitted,

By: */s/ Thomas G. Collins*
    Thomas G. Collins, Esq.
    (Pa. I.D. #75896)
    Cheri A. Sparacino, Esq.
    (Pa. I.D. #325868)
    **Buchanan Ingersoll & Rooney PC**
    409 North Second Street, Suite 500
    Harrisburg, PA  17101
    (717) 237-4800
    thomas.collins@bipc.com
    cheri.sparacino@bipc.com

    *Counsel for Defendant*
    *The Pennsylvania State University*

Date:  August 5, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2022, a true and complete copy of the foregoing document was transmitted via CM/ECF to the Court for filing and for service upon the following:

Rahul Munshi, Esq.
Stephen G. Console, Esq.
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

*Counsel for Plaintiff*

*/s/ Thomas G. Collins*
Thomas G. Collins

*Counsel for Defendant*